**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1965

BRYCE GERALD RANDALL NOWLAN,

Petitioner - Appellee,

v.

NINA LYNN NOWLAN, f/k/a Nina Lynn Brown,

Respondent - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Thomas T. Cullen, District Judge.  (5:20-cv-00102-TTC)

Submitted:  December 6, 2021                     Decided:  January 4, 2022

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Stephen J. Cullen, Kelly A. Powers, MILES & STOCKBRIDGE P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nina Lynn Nowlan ("Nina") appeals the district court's order granting Bryce Gerald Randall Nowlan's ("Bryce") Petition for Return of the Child under the Hague Convention on the Civil Aspects of International Child Abduction. The court determined that the Nowlans' child, AEN, was a habitual resident of Canada when Nina took AEN to Virginia. The court further determined that Nina did not show by clear and convincing evidence that AEN would be in grave risk of harm if AEN was returned to Canada to live with Bryce. We affirm.

A child's habitual residence is a mixed question of law and fact. *Monasky v. Taglieri*, 140 S. Ct. 719, 730 (2020). The first issue is whether the district court identified "the governing totality-of-the-circumstances standard." *Id*. The second issue involves answering a factual question: "Was the child at home in the particular country at issue." *Id*. Our review of the district court's decision is for clear error. *Id*. We conclude that the district court applied the correct legal standard and did not clearly err in determining that AEN's habitual residence was Canada when Nina took AEN to Virginia. We further conclude that the district court did not err in determining that Nina did not prove by clear and convincing evidence that AEN would be in grave risk of harm if the child was returned to Canada. *See Miller v. Miller*, 240 F.3d 392, 402 (4th Cir. 2001) (stating burden of proof).

Accordingly, we affirm for the reasons stated by the district court. *See Nowlan v. Nowlan*, No. 5:20-cv-00102-TTC (W.D. Va. June 10, 2021). We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*